**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-24-03383-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, | |
| Defendant. | |

On December 2, 2024, plaintiffs Fornix Holdings LLC and CP Productions, Inc., filed a motion seeking an ex parte temporary restraining order. (Doc. 5.) The court denied that motion the following day. (Doc. 6.) In doing so, the court directed plaintiffs to address two issues if they filed a renewed motion. First, "why deactivation of [<erome.com>] would be appropriate, even on a temporary basis" given that the site contains other material not belonging to plaintiffs. (Doc. 6 at 2.) Second, plaintiffs' "basis for seeking relief against non-parties [VeriSign, Inc., and Cloudflare] considering" plaintiffs were informed in a similar case filed in 2022 that it would be improper to grant relief against non-parties in a situation almost identical to the present. (Doc. 6 at 2.) Plaintiffs waited ten days to file a renewed motion.

The renewed motion addresses the two issues identified by the court in cursory fashion. On the issue of whether plaintiffs' requested injunction would be too broad, the renewed motion argues "[w]hen infringing content on a defendant's website is a persistent and pervasive problem, even where not every post is infringing, courts may enjoin the

entire website as the only way to 'halt the irreparable harm to Plaintiffs.'" (Doc. 8-1 at 17) (quoting *Trial Film LLC v. Wu Daoai*, No. CV-21-00984-PHX-JJT, 2021 WL 2949508, at *2 (D. Ariz. July 14, 2021)). And on the issue of the propriety of the court issuing an order requiring non-parties take action, the renewed motion argues,

> In the past, Plaintiffs have given notice to Verisign and Cloudflare about similar websites and lawsuits and Verisign and Cloudflare have agreed to effectuate similar orders from courts, without being named as a party. *See* Lin Decl. ¶ 8. Cloudflare and Verisign's inclination to comply creates a valid basis through which the Court may bind them, even though they are not named parties.

(Doc. 8-1 at 19.) The cited paragraph of counsel's declaration states

> Based on my experience handling similar matters and my previous dealings with VeriSign and Cloudflare, they have communicated to me that they will effectuate lawful and validly entered court orders concerning domain names, without being named as a party in the litigation. Attached hereto as Exhibit 4 is a true and correct copy of said communications.

The communications found at Exhibit 4, however, are from June 2023 involving a different case. (Doc. 8-3 at 37-40.) Because plaintiffs' argument regarding non-parties is not convincing, the renewed motion is denied. Thus, the court need not reach the question whether the breadth of plaintiffs' requested relief would be permissible.[1]

Plaintiffs do not dispute that, in general, the court cannot issue a temporary restraining order requiring non-parties take action. *See Fornix Holdings LLC v. Unknown Party*, No. CV-22-00494-PHX-DLR, 2022 WL 992546, at *2 (D. Ariz. Apr. 1, 2022). Nor do plaintiffs argue the alleged acts by VeriSign and Cloudflare in this case render them the type of "person" that might be bound under Rule 65(d). *See Comedy Club, Inc. v. Improv*

---

[1] That is not to say that if plaintiffs renew their motion, they should rest on the cursory argument they have currently made. As the court previously stated, in the preliminary injunction context "[t]he scope of the remedy must be no broader and no narrower than necessary to redress the injury shown by the plaintiff." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). Plaintiffs describe the allegedly-infringing website as a "tube-style" website which allows individuals to upload, store, and share videos, and which contains "many" videos plaintiffs believe to be infringing. (Docs. 8-1 at 1-2, 8-4 at 8.) Without knowing an approximate proportion of material on the website that allegedly infringes a copyright (whether plaintiffs' or someone else's), it will be difficult for the court to determine whether shutting down the entire website is even in the ballpark of a narrowly-tailored remedy.

*W. Assocs.*, 553 F.3d 1277, 1287 (9th Cir. 2009) ("The text of Rule 65(d) is exclusive, stating that an injunction can permissibly bind 'only' those persons listed in Rule 65(d)."). Instead of establishing, or even arguing, that VeriSign and Cloudflare qualify as one of the persons listed in Rule 65(d), plaintiffs argue VeriSign and Cloudflare have previously indicated they will abide by court orders and that should be good enough. It is not.

The evidence plaintiffs offer that VeriSign and Cloudflare have already agreed to be bound by any order issued in this case consists of correspondence in June 2023 between plaintiffs' counsel, VeriSign, and Cloudflare. That correspondence involved a different case. Plaintiffs read that correspondence as establishing VeriSign and Cloudflare have agreed to comply with all orders in all cases of this type. The court is not confident that is correct. And because any violation of an order might subject VeriSign and Cloudflare to contempt, the court will not rely on statements made by those entities eighteen months ago in connection with a different case.

Hoping to convince the court that the past statements are sufficient, plaintiffs cite *Wavve Americas Inc. v. Unknown Party*, No. CV-24-02071-PHX-DWL, 2024 WL 4120365, at *4 (D. Ariz. Sept. 9, 2024). The plaintiffs in that case sought an injunction against the named defendants and nonparty Namecheap, Inc. The court denied an initial request for an injunction requiring Namecheap take action because Namecheap had not been named as a defendant. *Wavve Americas Inc. v. Unknown Party*, No. CV-24-02071-PHX-DWL, 2024 WL 3848437, at *1 (D. Ariz. Aug. 16, 2024). The plaintiffs then executed a written stipulation with Namecheap wherein Namecheap agreed it would "comply with any orders issued by the Court regarding the domain names at issue." *Id.* at *4 (D. Ariz. Sept. 9, 2024); (*see also* Doc. 22-2 at 7 in CV-24-2071-PHX-DWL.) That stipulation was sufficient for the court to conclude an order aimed at Namecheap was permissible. There is not presently any such case-specific stipulation between plaintiffs and VeriSign or Cloudflare here.

The renewed motion for temporary restraining order is denied again without prejudice. If plaintiffs file another motion it must either be accompanied by case-specific

evidence establishing VeriSign and Cloudflare agree to comply with a court order issued in this case or plaintiffs may indicate they no longer wish to obtain relief against the non-parties and the court should resolve the motion regarding the named defendant.[2] In addition, given their decision to wait ten days to renew their motion, plaintiffs must address whether a temporary restraining order remains appropriate. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

Accordingly,

**IT IS ORDERED** the Motion for Temporary Restraining Order (Doc. 8) is **DENIED WITHOUT PREJUDICE**.

Dated this 23rd day of December, 2024.

Honorable Krissa M. Lanham
United States District Judge

---

[2] Plaintiffs have not identified the named defendant and they have not argued a temporary restraining order against that unknown defendant would accomplish any of the relief they seek.