**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-24-03383-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Plaintiff Fornix Holdings LLC owns the copyrights on hundreds of works it licenses to plaintiff CP Productions. In November 2024, plaintiffs filed their initial complaint asserting copyright-related claims against the then-unknown defendants operating the website Erome.com. (Doc. 1.) "Erome.com is a hosting or tube site, allowing individuals to 'upload, store, and share' videos and images, provided it [sic] complies with the guidelines set out on Erome's website." (Doc. 9 at 7.) According to plaintiffs, visitors to Erome have uploaded "infringing copies of Plaintiffs' works for free distribution and downloads." (Doc. 9 at 8.)

Approximately one month after filing their initial complaint, plaintiffs filed an amended complaint naming two defendants: Gregory Zimmer and Visteo. The amended complaint alleges Zimmer resides in Nice, France, where he "operates and manages" Erome.com. (Doc. 9 at 3.) Visteo is described as a limited liability company located in Nice, France, that is managed by Zimmer. Visteo "helps operate" Erome.com (Doc. 9 at 3.) By operating the website, both Zimmer and Visteo allegedly "conduct, enable, and

encourage unauthorized copying and distribution of Plaintiffs' works." (Doc. 9 at 9.) Plaintiffs now seek permission to complete alternative service on both defendants. Plaintiffs propose serving defendants via email and FedEx, using email addresses and a physical address obtained from third-party service providers. (Docs. 12 at 4; 12-1 at 2.)

"Rule 4(f)(3) permits service in a place not within any judicial district of the United States 'by . . . means not prohibited by international agreement as may be directed by the court.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Service of process under this rule "is neither a 'last resort' nor 'extraordinary relief'" but "merely one means among several which enables service of process on an international defendant."[1] *Id.* at 1015. A district court may authorize this form of alternative service if the plaintiffs "demonstrate that the facts and circumstances . . . necessitate[]" such relief. *Id.* at 1016.

The United States and France are both parties to the Hague Service Convention. *Viral DRM LLC v. Jardin*, No. 24-CV-06854-BLF, 2024 WL 4894854, at *2 (N.D. Cal. Nov. 25, 2024). The Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017). But Article 10 of the Convention establishes other methods of service that can be used unless the receiving state objects. *Id.* at 276. One such method under Article 10 is service "by postal channels." *Id.* at 275. Service by "private couriers, such as FedEx, come[s] within the meaning of 'postal channels' under the Hague Convention." *Willamette Green Innovation Ctr., LLC v. Quartis Cap. Partners*, No. 13-CV-00848-JCS, 2014 WL 5281039, at *5 (N.D. Cal. Jan. 21, 2014), *report and recommendation adopted*, No. 13-CV-00848-WHO, 2014 WL 5260921 (N.D. Cal. Apr.

---

[1] Some courts have noted *Rio Properties* should be limited to situations where the international service will occur in a country that is not a signatory to the Hague Convention or where a signatory to the Hague Convention has not objected to particular types of service. *See, e.g.*, *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 986 (N.D. Cal. 2020) ("Reading 4(f)(3) as permitting alternative means of service only when an exception to the Convention applies or when the Convention isn't implicated (e.g., because the defendant is based in a country that isn't a signatory to the Convention) doesn't conflict with *Rio*."). Because service by FedEx is permitted in this case, the court need not resolve the reach of *Rio Properties*.

10, 2014). France has not objected to Article 10, meaning it is permissible to serve individuals or entities in France by FedEx.

Courts disagree on whether email should be treated as a "postal channel" for purposes of the Hague Convention. *See Kiwijet, LLC v. Xiamen Hayonex Int'l Logistics Co.*, No. 2:21-CV-07512-JVS (GJSX), 2023 WL 8896877, at *2 (C.D. Cal. Oct. 20, 2023) (citing cases). Because service by FedEx is permissible, there is no need to determine whether service by email would also be permitted. Plaintiffs must complete service via FedEx but, in an abundance of caution, plaintiffs must also send notice to the email addresses associated with Erome.

Accordingly,

**IT IS ORDERED** the Motion (Doc. 12) is **GRANTED**. Plaintiffs shall serve the Summons and Complaint in this action on defendants via FedEx at 2T Rue Spitalieri, Nice, 06000 France. Plaintiffs shall also send copies of the Summons and Complaint to gregzprod@gmail.com, contact@visteo.com, and contact@erome.com. Plaintiffs shall file proof of service on the docket once the above are completed.

Dated this 13th day of January, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 3 -